UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Rachel Wolf, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Rachel.wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 25-14559 (MBK) |
| | : |
| SALVATORE FAENZA, | : Chapter 11 |
| | : |
| | : The Honorable Michael B. Kaplan |
| Debtor. | : |
| | : Hearing Date: September 4, 2025 @ 10:00 am |
| | : |

**OBJECTION OF THE UNITED STATES TRUSTEE TO PLAN OF
REORGANIZATION PROPOSED BY DEBTOR SALVATORE FAENZA**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 (the "U.S. Trustee"), by and through his undersigned attorney, hereby files this objection (the "Objection") to the Plan of Reorganization Proposed by Debtor Salvatore Faenza (the "Plan") (Dkt. 30).[1] In support of the Objection, the United States Trustee respectfully states:

**Jurisdiction**

1. This Court has jurisdiction to hear and determine this Objection.

2. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of New Jersey issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. §

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

1

157(b)(2), this Court has jurisdiction to hear and determine the Debtor's request for approval of the relief requested in the Motion and the matters raised in this Objection.

3. The U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention of that responsibility."); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

4. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements.

5. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the U.S. Trustee has standing to be heard on the Debtor's request for confirmation and the Objection.

## Background

**A.    The Bankruptcy Case.**

6.    On April 30, 2025 (the "Petition Date"), Salvatore Fazena (the "Debtor"), filed a voluntary petition for relief under Subchapter V of chapter 11 of title 11, United States Code. *See* Dkt. 1.

7.    Since the Petition Date, the Debtor has remained in possession of his property and management of his affairs.

8.    On May 8, 2025, the U.S. Trustee appointed Nicole Nigrelli, Esq. as the Subchapter V trustee. Dkt. 12.

9.    On June 2, 2025, the Debtor filed schedules and statements. According to the Debtor's Schedule I, the Debtor and non-debtor spouse earn a combined gross salary of $14,966.23 per month, including the Debtor's net income of $13,800 from operating a business. Dkt. 20, Sch. I.

10.    According to the Debtor's Schedule J, the Debtor and non-debtor spouse have monthly expenses of $14,190.00, including: $3,000 for home ownership expenses (Line 4); $500 for additional mortgage payments on residence (Line 5); $700 for student loans (Line 17c); $2,000 in vehicle payments (Line 17d), and $3,000 in mortgages in other property (Line 20a). Dkt. 20, Sch. J. The Debtor's net income is $776.23. *Id.*

11.    According to the most recent monthly operating report, the Debtor reported as having $705.14 in cash on hand as of May 30, 2025. Dkt. 29, Line 23. Notably, the Debtor's May Report includes checks written to the non-debtor spouse in the aggregate amount of $6,250.00. Dkt. 29-1.

12. To date, the Debtor has not filed monthly operating reports for June 2025 and July 2025, which are currently past due. *See* Dkt.

**C.    The Plan**

13. On July 29, 2025, the Debtor filed the Plan, a liquidation analysis, an appraisal of 39 Spyglass Lane, Jackson, NJ and a contract for sale of the same. *See* Dkt. 30.

14. On July 31, 2025, the Court entered an Order Setting Deadlines and Scheduling the Confirmation Hearing for September 4, 2025 at 10:00 a.m. *See* Dkt. 32.

15. The Debtor proposes to fund the Plan through the sale of real property located at 39 Spyglass Drive, Jackson, NJ for $425,000; income of $3,200 per week earned from his two businesses; and any recovery from anticipated litigation against Ferrari, the Class IV creditor. Dkt. 30, pg. 4.

16. In the Plan, general unsecured creditors will receive "***no less than 71% Dividend, pro rate, to allowed and accepted claims***." *Id.*, *emphasis in original.* The Debtor proposes to pay $8,666.66 per month to general unsecured creditors over a period of 60 months. *Id.*, Art. 2.2(b).

### Objections

**D.  The Plan Fails to Provide Sufficient Contents:**

17. Pursuant to 11 U.S.C. § 1181, the specific Bankruptcy Code subsections of 1123(a)(8) and 1123(c) do not apply in Subchapter V of chapter 11; with that, all other provisions of section 1123 apply in Subchapter V. Additionally, section 1190 outlines other requirements that must be included in a plan under Subchapter V. When compared against these requirements, the Plan fails to provide sufficient contents, and with that confirmation must be denied.

      **i.  The Plan Does Not Include Projections.**

18. Although no disclosure statement is required, section 1190(1)(C) requires that a Subchapter V plan must contain projections with respect to the ability of the debtor to make proposed payments under the plan.  Section 1190(2) requires that the debtor shall provide submission of all or a portion of the debtor's post-petition income from future earnings or (other future income) to the supervision and control of the trustee "as is necessary for the execution of the plan."  Section 1191(3)(B) provides appropriate remedies, which may include liquidation of nonexempt assets, to protect the holders of claims in the event payments are not made.

19. Here, the Plan indicates that the Debtor's cashflow projections are to be included as Exhibit A. However, none have been provided to date.  *See* Dkt. 30; *see also* Docket. Thus, there is no information on how the Debtor expects to generate sufficient income to fund payments to creditors.  Neither the Plan, Debtor's Schedules I/J nor the Monthly Operating Reports support this income.

20. The current ending cash amount as reported on the May Operating report of $705.14 does not support Plan payments to general unsecured creditors.  *See* Dkt. 29.

**E.   The Debtor Has Not Met the Requirements of Section 1191.**

21. Under section 1191(a), "the Court shall confirm a plan only if all of the requirements of section 1129(a) . . . of this title are met."  Section 1191(a) provides that the following subsections of section 1129 do not apply in a Subchapter V case: 1129(a)(15) (means test in individual chapter 11 cases); 1129(b) (cram down provisions); 1129(c) (court may confirm only one plan); and 1129(e) (requirement that plan in small business case be confirmed within 45 days).  As such, sections 1129(a)(11) applies in Subchapter V cases.

22. Pursuant to Section 1129(a)(11), every chapter 11 plan must be feasible in order to

5

be confirmed:

> (a) the Court shall confirm a plan only if all of the following requirements are met:
>
> * * *
>
> (11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

*See* 11 U.S.C. § 1129(a)(11).

23. "The purpose of § 1129(a)(11) 'is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the debtor could possible attain after confirmation.'" *See In re Sound Radio, Inc.*, 103 B.R. 521, 522 (D.N.J. 1989), *aff'd* without opinion, 908 F.2d 964 (3d Cir. 1990 (citation omitted)).

24. The standard of proof required by a debtor to prove a chapter 11 plan's feasibility is by a preponderance of the evidence. *See In re Trans Max Technologies,* Inc., 349 B.R. 80, 92 (Bankr. D.Nev. 2006). *See also In re Deep River Warehouse, Inc.*, 2005 WL 2319201 *2 (Bankr. M.D.N.C. Sept. 22, 2005). The debtor must present evidence to sufficiently demonstrate that a plan has a reasonable chance of succeeding. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986).

25. In addition, the Court is obligated to independently evaluate the plan and determine whether it offers a reasonable probability of success. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Sovereign Oil Co.*, 128 B.R. 585, 586 (Bankr. M.D.Fla. 1991).

26. In determining whether a chapter 11 plan is feasible, only a reasonable assurance of commercial viability is required. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226. *See also In re Prudential Electric Co.*, 58 B.R. 857, 863 (Bankr. S.D.N.Y. 1986).

27. Section 1129(a)(11) requires the Debtor to establish concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. *See Trans Max Technologies, Inc.*, 349 B.R. at 92. *See also In re Travelstead,* 227 B.R. 638, 651 (D.Md. 1998); *S & P, Inc. v. Pfeifer*, 189 B.R.173, 187 (N.D.Ind. 1995), *quoting In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D.Fla. 1993), *aff'd*, 78 F.3d 587 (7th Cir. 1996).

28. In considering whether a particular plan is feasible, courts have considered the following factors: (i) the adequacy of the debtor's capital structure; (ii) the earning power of its business; (iii) economic conditions; (iv) the ability of the debtor's management; (v) the probability of the continuation of the same management; and (vi) any related matters which determine the prospects of a sufficiently successful operation to enable performance of the provision of the plan. *See Greate Bay Hotel & Casino, Inc.*, 251 B.R. at 226-227 (*citing In re Temple Zion*, 125 B.R. 910, 915 (Bankr. E.D.Pa. 1991); *In re Landmark at Plaza Park, Ltd.*, 7 B.R. 653, 659 (Bankr. D.N.J. 1980).

29. The facts and circumstances of this case demonstrate that the Plan may not be feasible and, as a result, fails to qualify for confirmation pursuant to 11 U.S.C. § 1129(a)(11).

30. Not only has the Debtor failed to provide projections concerning his income, he has failed to file monthly operating reports for June 2025 and July 2025. Without the information from the monthly operating reports and projections, it is difficult to determine whether the Plan is feasible.

**F.      Failure to File Monthly Operating Reports.**

31.     Pursuant to 11 U.S.C. §§ 704 (7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of the case.

32.     As of the date of this Objection, the Debtor failed to file monthly operating reports for the months of June 2025 and July 2025.  As such, confirmation should not be granted until all monthly operating reports have been filed.

## Conclusion

33. As detailed above, the Plan cannot be confirmed because there is no evidence in the record that the Plan is feasible. In addition, the Plan cannot be confirmed without the Debtor filing his monthly operating reports.

34. The United States Trustee leaves the Debtor to his burden and reserves any and all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee requests that this Court issue an order denying approval and confirmation of the Plan, and/or granting such other relief as this Court deems appropriate, fair, and just.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By:    */s/ Rachel Wolf*
Rachel Wolf, Esq.
Trial Attorney

Dated: August 27, 2025