| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>25-13420 BKOBJ01<br>BROCK & SCOTT, PLLC<br>302 Fellowship Rd, Suite 130<br>Mount Laurel, NJ 08054<br>(844) 856-6646<br>Attorneys for OceanFirst Bank, National Association | |
| In Re:<br><br>Salvatore Faenza | Case No:  25-14559-MBK<br><br>Hearing Date: September 4, 2025<br><br>Judge:  MICHAEL B. KAPLAN<br><br>Chapter:  11 |

## OBJECTION TO SMALL BUISNESS DEBTOR'S PLAN OF REORGANIZATION

OceanFirst Bank, National Association ("Creditor"), by and through its undersigned counsel, files this *Objection to Small Business Plan of Reorganization* [DE 5], and states as follows:

1. The Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on April 30, 2025 as a Sub Chapter V case.

2. Creditor holds a security interest in the Debtor's real property located at 7 Dancer Ln, Freehold, NJ 07728 (the "Property"), by virtue of a Mortgage.

3. Creditor filed a Proof of Claim in this case on May 30, 2025 (Claim No. 8) listing a total debt of $47,532.47 as the loan matures May 16, 2026.

4. The Debtor filed a Sub Chapter V Chapter 11 Plan (the "Plan") on July 29, 2025 [DE 30].

5. The Debtor's propose plan indicates that Creditor is not an Insider and is not

impaired.  See Section 2.2 (A).

6. 11 U.S.C. §1125(a)(1) defines "adequate information" as information that is sufficient in detail so that impaired classes of creditors and interest holders can make an informed judgment about the plan. See Century Glove, Inc. v. First American Bank, 860 F.2d 94 (3rd Cir. 1988); see also In re Ferretti, 128 B.R. 16, 18 (Bankr. D.N.H. 1991); In re Phoenix Petroleum Co., 278 B.R. 385, 392 (Bankr. E.D.Pa. 2001).

7. The "determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." Phoenix Petroleum at 393, quoting Matter of Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988).

8. The Proposed Plan does not indicate whether the debtor will be tendering mortgage payments prior to confirmation or will only tender payments upon the effective date. The Debtor's proposed plan falls woefully short of providing effective information.

9. Again, even if adequate information was provided it would appear that Claimant might be willing to allow the proposed plan to be confirmed.

**WHEREFORE**, Creditor respectfully requests the entry of an Order which denies approval of the Small Business Debtor's Plan of Reorganization and for such other and further relief as the Court may deem just and proper.

/s/ Andrew Spivack
Andrew Spivack, NJ Bar No. 018141999
Kimberly A. Wilson, NJ Bar No. 031441997
Jay Jones, NJ Bar No. 972011
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: NJBKR@brockandscott.com

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>25-13420 BKOBJ01<br>BROCK & SCOTT, PLLC<br>302 Fellowship Rd, Suite 130<br>Mount Laurel, NJ 08054<br>(844) 856-6646<br>Attorneys for OceanFirst Bank, National Association |

| In Re:<br><br>Salvatore Faenza | Case No: 25-14559-MBK<br><br>Hearing Date: September 4, 2025<br><br>Judge: MICHAEL B. KAPLAN<br><br>Chapter: 11 |
|---|---|

## CERTIFICATION OF SERVICE

1. I, Elizabeth Oliver:

   ☐ represent _____ in this matter.

   ☒ am the secretary/paralegal for BROCK & SCOTT, PLLC, who represents OceanFirst Bank, National Association in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On the undersigned date, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

   **OBJECTION TO SMALL BUISNESS DEBTOR'S PLAN OF REORGANIZATION**

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: August 28, 2025                /s/ *Elizabeth Oliver*
                                       Elizabeth Oliver

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Salvatore Faenza<br>300 Mounts Corner Drive<br>Freehold, NJ 07728 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>Other_____<br>(as authorized by the court *) |
| Steven D Pertuz<br>111 Northfield Avenue<br>Suite 304<br>West Orange, NJ 07052 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>Other_____<br>(as authorized by the court *) |
| US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | US Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>Other_____<br>(as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.