**LAW OFFICES OF STEVEN D. PERTUZ, LLC**
111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700
By: Steven D. Pertuz, Esq. (SDP-5632)
Attorney for Debtor, Salvatore Faenza

| | |
|---|---|
| **In re:**<br><br>**SALVATORE FAENZA,**<br><br>**Debtor-in-Possession.** | UNITED STATES BANKRUPTCY COURT<br>TRENTON VICINAGE<br>DISTRICT OF NEW JERSEY<br><br>Chapter 11, Subchapter V<br><br>Case No.: 25-14559 (MBK)<br><br>**HEARING DATE:** |

**APPLICATION TO APPROVE THE SALE OF THE DEBTOR'S INTEREST IN REAL PROPERTY LOCATED AT 39 SPYGLASS DRIVE, JACKSON, NJ TO APRIL GARDNER ASKER AND ALICE B. GARDNER, FREE AND CLEAR OF EXISTING LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b) AND (f), FED. R. BANKR. P. 4001(d) AND 6004, AND RELATED RELIEF**

TO: THE HONORABLE MICHAEL B. KAPLAN
UNITED STATES BANKRUPTCY JUDGE

The Motion of Salvatore Faenza, the within Debtor in possession (the “Debtor”), by and through his counsel, The Law Offices of Steven D. Pertuz, LLC, submits this Application in support pursuant to section 363(b) and (f) of the Bankruptcy Code, seeking an order authorizing the sale of real property located at 39 Spyglass Drive, Jackson, NJ, free and clear of liens, claims and encumbrances (the "Motion"). In support of the Motion, Debtor respectively represents to this Court as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought herein is permitted under Bankruptcy Code sections 363(b) and

(f), as complemented by Rule 6004 of the Federal Rules Of Bankruptcy Procedure.

3. The Debtor continues to honor all obligations under the Bankruptcy Code for a Chapter 11 Debtor in possession.

## BACKGROUND

4. On April 30, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court") bearing case number 25-14559. The Debtor is a married individual who owns real property located at 39 Spyglass Drive, Jackson, NJ 08527 (the "Property"). The Debtor has owned this Property since August 22, 2024, as a Fee Simple interest. It was conveyed to the Debtor from his late father, Giuseppe Faenza.

5. Seeking bankruptcy protection was necessary as the Debtor and his businesses were in several pending litigation matters with merchant cash advance companies in Connecticut and New York and also in a 3rd lawsuit with his old partner from Tuscany Italian Specialty in the Superior Court of New Jersey. Settlement attempts were made in these litigation cases, but an agreement never developed and legal fees continued to increase until it became impossible to support three litigations at once. The Debtor determined that seeking bankruptcy protection would enable him to continue his business operations, stabilize cash flow and reorganize his debts.

6. Since the petition date, the Debtor has taken steps to formulate and propose a feasible Plan of Reorganization with the primary plan component being the sale of the Property and to use these sale proceeds to pay off the open mortgage and also pay all open taxes and HOA fees against the property immediately, while also having surplus funds to assist with the Debtor's

plan obligations. The Debtor also wants sale proceeds to contribute to all open priority claims immediately, if possible.

7. The Debtor's post-petition obligations continue to be met, and all plan payments and mortgage payments are up to date.

**Debtor's Property Located at 39 Spyglass Drive, Jackson, NJ**

8. The Debtor is the owner of real property located at 39 Spyglass Drive, Jackson, NJ 08527, known and designated on the Tax Map as Lot 4, Block 15201, including a single family residential structure located thereon, and all privileges, tenements, rights or way, easements, and appurtenances thereto in the Township of Jackson, County of Ocean and State of New Jersey (referred to as the "Property").

9. On July 8, 2026, the Debtor entered into a purchase and sale agreement for the private sale of the Property to April Gardner and Alice B. Gardner for $425,000.00. The Buyers are not "insiders" and have no affiliation to the Debtor other than what has been disclosed in the purchase and sale agreement. This is an "arms-length" transaction. The Debtor signed the Contract of Sale on said date and has also agreed to all contract terms and conditions. A copy of such agreement which is memorialized in a standard residential real estate contract is annexed hereto as **Exhibit A**. The essential terms of the agreement are as follows:

- $425,000.00 Purchase Price. Property was listed in April of 2025 for $500,000 and was on the market for a total of 163 days with this cash offer being the best offer available per market and condition of the property (Property was originally listed on market on 4/9/25, then removed on 10/8/25, relisted on 3/13/26 for $489,900);

- $5,000.00 initial deposit (currently being held in the escrow account of Kuhn Law Offices), please see **Exhibit B** as proof of same;
- All Cash Transaction from sale of Buyer's home at 73 Larch Avenue, Dumont, NJ. Buyer's sale is closing on Tuesday, August 24, 2026, please see email from Buyer's attorney confirming sale transaction attached hereto as **Exhibit C**. This closing took place and Buyers are ready to close with cash on hand already.
- Realtors involved in the transaction shall be paid a total of 4.5% of the purchase price ($19,125.00) pursuant to a signed listing agreement attached hereto as **Exhibit D**. Retention application for Seller's agent was approved on March 31, 2026.
- EZ Contracting and Home Improvement, LLC ("EZ Contracting") is a contractor that assisted the Debtor with necessary improvements of removal and installation of new hardwood floors, demolition of old master bathroom and 2nd bathroom and installed new tile and fixtures for new master bathroom and 2nd bathroom and made other necessary repairs to the roof and garage in order to show and sell the home. EZ Contracting is owed $49,500.00 but has agreed to accept $30,000.00 at the time of closing for full satisfaction of its debt owed for materials, labor and permits in connection with the home improvements. Attached hereto as **Exhibit E** is a copy of the contractor invoice.
- Debtor's attorney, Steven D. Pertuz, Esq., shall be paid a real estate attorney closing fee of $2,600.00 plus costs and expenses of $250.00 at the time of closing.
- Buyer to pay balance of the purchase price of $420,000.00 in cash at closing;

10. Included in the sale of the Property are the buildings, structures and improvements thereon, and the fixtures belonging to the Debtor and used in connection with the Property.

**RELIEF REQUESTED**

11. By this Motion, the Debtor seeks entry of an order, pursuant to §363 of the Bankruptcy Code, authorizing and approving the sale of the Property to the respective Buyers set forth above, free and clear of any existing liens, claims and encumbrances.

12. The sale of the Property is an integral component of the Debtor's reorganization strategy and Plan to be confirmed in order to maximize the payments to his creditors. The Debtor has determined that the terms of the sale are reasonable, and it is necessary for the continuation of the Debtor's case to pay off secured creditors in full at closing, and also have additional funds to be paid into the Plan to appropriately address priority claims in this case. If the Debtor was not able to sell the Property, the Debtor's chances of successful reorganization would be impossible. Based on the foregoing, the Debtor has determined that in the exercise of his business judgment, the sale of the Property to the above-mentioned Buyers is in the best interest of the Debtor, his estate, and ultimately his creditors and other parties in interest.

13. The Property was marketed by the Debtor and the listing agent on the New Jersey MLS and various other platforms for over 163 days at $489,900.00 and the contract price of $425,000.00 (cash) for the sale of the Property was the best and highest offer that has been provided. The Debtor is also fortunate enough to have gotten through attorney review and the inspection contingency, and the purchase price is comparable to the current asking price and value of the Property of $489,900.00, as per the attached home valuation report attached hereto as **Exhibit F**. The Debtor believes this purchase price to be the strongest offer and an accurate

indication of an arm's length transaction as this is the highest offer presented to the Debtor and the transaction has surpassed the inspection and mortgage contingencies which make this transaction binding to both parties and proceeding to closing.

14. The current liens/claims to be satisfied at closing is that of a) 1st Secured Creditor, AllState Realty, LLC in the amount of $314,304.32, as per the final payoff statement which has been received and good through September 11, 2026, b) 2nd mechanic lienholder, Thomas Zanardi (EZ Contracting), in the approximate amount of $30,000.00 (Invoice received is more but contractor has agreed to $30,000.00), c) open HOA fees of $9,974.00 and d) open property taxes of 11,179.21. There are no other remaining claims and/or liens which appear of record which need to be paid at closing and such other liens, debts or other encumbrances on the real property shall attach to the proceeds of sale and shall be addressed through the Debtor's Plan. Fortunately, there will also be funds available to pay into the bankruptcy Plan and such funds will be distributed pursuant to the confirmed Order of Confirmation, once this case is confirmed.

15. The Debtor requests that the attorney's fees, realtor commissions and the realty transfer fee, which are being paid from the Seller's funds, are to be paid out of the closing proceeds. These fees are reasonable and necessary in order to effectuate the sale and have been fully disclosed to the Court with this motion.

16. Debtor's retained bankruptcy counsel, Steven D. Pertuz, Esq. shall act as the Debtor's closing attorney on the sale and has requested a Seller's attorney fee of $2,600.00 and costs and expenses of $250.00 for a total fee of $2,850.00, pending court approval of this motion. The requested $2,850.00 closing attorney fee is standard and within acceptable attorney fees for this type of real estate transaction and for this purchase price.

17. Coldwell Banker is the Debtor's real estate agent and has requested a total commission of 4.5%, to be split with Buyers' agent, pending court approval of this motion. The retention of Coldwell as real estate agent for the Debtor was approved on March 31, 2026. The requested 4.5% total commission is standard and within or below normal and acceptable total realtor commission fees for this type of residential rea estate transaction and for this purchase price.

18. A preliminary HUD-1 Settlement Statement/Closing Disclosure reflecting more accurate customary closing costs is currently being prepared by the Settlement Agent and it shall be filed with the Court prior to the hearing date and attached as an **Exhibit G** so as to provide the Court with a more specific breakdown of the transaction costs and fees. Customary fees, including mortgage payoffs, taxes and water adjustments shall also be paid at the time of closing and final numbers will be reflected in the final Exhibit attaching the final approved Closing Disclosure.

**BASIS AND AUTHORITY FOR RELIEF**

19. Section 363(b) of the Bankruptcy Code provides that a debtor in possession "may use, sell or lease, other than in the ordinary course of business, property of the estate." *See 11 U.S.C. §363(b)*. Section 363(f) of the Bankruptcy Code provides that a debtor may sell property under section 363(b), free and clear of any interest in such property of an entity other than the estate upon certain conditions. *See 11 U.S.C. §363(f).*

20. It is well settled that a debtor in possession may sell assets out of the ordinary course of business pursuant to §363(b) of the Bankruptcy Code if there is a sound business judgment justification for doing so. *See in re Lionel Corp.,* 722 F.2d 1063, 1070 (2nd Cir. 1983); *In re Naron & Wagner, Chartered*, 89 B.R. 85, 89 (Bankr. Md. 1988) (adopting standard set forth in

*Lionel Corp*.); *See also McDow v. Official Committe of Equity Security Holders of Criimi Mae, Inc.*, 247 B.R. 146, 149 (D. Md. 1999) ("court may authorize the use of estate property other than in the ordinary course of business when some business justification for doing so exists").

21. As previously mentioned, disposing of the Property is necessary to comply with the proposed Chapter 11 Plan and allow for the continuation of the Debtor's case to pay off secured creditors at closing, and also have sufficient funds to adequately pay into the pool of administrative and priority claims in this case towards paying all claims pursuant to the proposed plan. Accordingly, in the exercise of the Debtor's sound business judgment, the Debtor believes that the sale of the Property at this time is in the best interests of the Debtor, his estate and his creditors.

22. The Debtor seeks to sell her interest in the Property free and clear of any and all existing liens, judgments and encumbrances and respectfully request that the Court determine that the Buyers are good faith purchasers as defined in *In re Abbotts Diaries, Inc. of PA*, 788 F2nd 143 (3rd Cir. 1986) and the sale is otherwise in compliance with 11 U.S.C. §363.

23. The Debtor acknowledges that although this case does not contain the sale of business assets and is not a Chapter 11 business case, the above caselaw supporting the Debtor's request still applies to this sale transaction in this Chapter 11 case.

**Requests For Immediate Relief & Waiver of Stay**

24. The Debtor further seeks any stay of effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As the Debtor must proceed to sale as soon as possible as the Buyers are closing on their sale transaction took place on August 25, 2026, and want to close on

this transaction immediately as they are currently homeless, therefore, it is imperative that an order approving this motion be effective immediately. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

**WHEREFORE,** the Debtor respectfully requests the entry of an Order of this Court, authorizing the Debtor to (a) sell the Property pursuant to the respective agreements set forth herein, (b) be authorized to pay customary closing costs, including but not limited to, attorney's fees, realtor commissions, tax and water adjustments, a Seller's realty transfer fee, and (c) granting the Debtor such other and further relief as is just and equitable.

By:/s/ Steven D. Pertuz

Steven D. Pertuz, Esq.
Steven D. Pertuz, LLC
111 Northfield Avenue
Suite 304
West Orange, NJ 07052

Dated: 9/12/26