Order Filed on September 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
The Law Offices of Steven D. Pertuz, LLC
111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700
pertuzlaw@verizon.net
SDP 5632
Attorneys for Salvatore Faenza

| | |
|---|---|
| **In Re:**<br><br>**SALVATORE FAENZA,**<br><br>**Debtor-in-Possession.** | Case No.: 25-14559<br><br>Hearing Date: 9/22/26<br><br>Judge: Michael B. Kaplan, U.S.B.J. |

**ORDER TO APPROVE THE SALE OF THE DEBTOR'S INTEREST IN REAL PROPERTY LOCATED AT 39 SPYGLASS DRIVE, JACKSON, NJ TO APRIL GARDNER ASKER AND ALICE B. GARDNER, FREE AND CLEAR OF EXISTING LIENS, CLAIMS AND ENCUMBRANCES WHICH LIENS SHALL ATTACH TO THE PROCEEDS OF SALE PURSUANT TO 11 U.S.C. §363(b) AND (f), AND FED. R. BANKR. P. 4001(d) AND 6004; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY; AND (IV) GRANTING OTHER AND RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through seven (7) is hereby **ORDERED**.

**DATED: September 24, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

Upon the Motion of the Law Offices of Steven D. Pertuz, LLC, on behalf of Salvatore Faenza (hereinafter collectively “Movant”), under Bankruptcy Code Sections 363(b) and (f), Federal Rule of Bankruptcy Procedure 4001(d) and 6004 for order approving the sale of the Debtor's interest in real property, free and clear of existing liens, claims, interests and encumbrances and the Court having considered the papers submitted in support of and in opposition to the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and for good cause shown,

ORDERED as follows:

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §157(b)(2)(A) and (N). Venue of the Motion is proper pursuant to 27 U.S.C. §§1408 and 1409.

2. The Debtor is authorized to sell the real property located at 39 Spyglass Drive, Jackson, NJ 08527 (“the Property”) upon the terms and conditions of the contract of sale pursuant to 11 U.S.C. §363(b) and (f), (h), and §544(a)(3) to the Buyers, April Gardner Asker and Alice B. Gardner for $425,000.00. The Court has determined that the Buyers are good faith purchasers, and this is an “arms-length” transaction. The

---

sale was negotiated, proposed and entered into by the parties in good faith and without collusion, and therefore, Buyers are entitled to the protections of Bankruptcy Code §363(m) with respect to the Sale. Neither the Debtor nor the Buyers have engaged in any conduct that would cause or permit the Sale to be voided, nor that would justify the imposition of costs or damages, under Bankruptcy Code §363(n).

3. Approval of the Sale is in the best interest of the Debtor, the Debtor's creditors, and the Debtor's Bankruptcy Estate.

4. The final purchase price to be paid by Buyers pursuant to the Purchase Agreement in the amount of $425,000.00 is fair consideration and constitutes equivalent value for the Property.

**5.** The sales price is in excess of the mortgages and liens of Allstate Realty LLC ("Allstate"), mechanic's lien of EZ Contracting and Home Improvement LLC ("EZ Contracting") and HOA fees of Westlake Master Association ("Westlake") and thus the Debtor is hereby authorized to sell the Property free and clear of the liens and judgments of Allstate, EZ Contracting and Westlake, pursuant to §363(f)(3) of the Bankruptcy Code with such liens and judgments to attach to the proceeds of sale. Allstate's mortgage and any EZ Contracting and Westlake liens appearing of record shall be paid in full at the time of closing or pursuant to issued payoffs, including but not limited to, any other existing

---

any) shall be omitted from the title commitment used in connection with this sale for the purposes of transferring clear title to the Buyer at the time of closing. Nothing contained herein shall prejudice the right of the Debtor to object to any payoff provided by Allstate, EZ Contracting and Westlake or prejudice the rights of Allstate, EZ Contracting and Westlake to respond to any such objection, which rights are reserved.

6. The Debtor is hereby authorized to sell the Property free and clear of all other liens, claims and encumbrances, with which such other liens, claims and encumbrances, if any, to attach to the proceeds of sale and with which such other liens, claims and encumbrances shall be omitted from the title commitment used in connection with this sale for the purposes of transferring clear title to the Buyer at the time of closing.

7. The Debtor and/or the settlement agent are hereby authorized to pay all closing costs and customary fees out of the proceeds of the sale at the time of closing, including but not limited to realty transfer fee, property tax and water adjustments.

8. Pursuant to §1303 of the Bankruptcy Code, The Debtor shall have, exclusive of the Trustee, the rights and powers of a Trustee under §363(b) and §363(f) to sell the Property, free and clear of existing liens, claims and encumbrances.

9. The Debtor is hereby authorized to sign all affidavits and documents

necessary to convey title at the time of closing.

10. At the time of closing of the sale, the Debtor is authorized and directed to pay to Allstate, EZ Contracting and Westlake: (i) all undisputed amounts that are determined by the Debtor owing to Allstate, EZ Contracting and Westlake that are secured by or liened on the Property, specifically, the unpaid principal balance of the loans, interest, taxes and advances on the loans. Upon payment at closing of the above mentioned undisputed amounts, Allstate, EZ Contracting and Westlake shall take all necessary steps to discharge any open mortgages, judgments of record and file any discharge documents necessary to clear title at the time of closing as all liens shall attach to the balance of the proceeds of the sale.

11. Except for payments authorized by this Order, the Debtor shall make no payments at closing to or on account of administrative expenses, general unsecured claims, or equity interests without further Order of the Court.

12. The Debtor is hereby authorized to pay the real estate agents involved in this sale transaction a total commission of 4.5% of the contract sales price ($19,125.00 total commission), retention and court approval of Debtor's listing agent, Coldwell Banker, was approved on March 31, 2026.

---

13. The real estate counsel fees of $2,600.00 plus $250.00 in costs and expenses payable to Steven D. Pertuz, LLC in connection with this transaction shall be held in the Trust Account of Steven D. Pertuz, LLC, pending a fee application and Bankruptcy Court approval of said fees.

14. All net sale proceeds shall be held in the Trust Account Of Steven D. Pertuz, LLC, pending further order of this Court or proceeds to be distributed pursuant to a confirmed plan of reorganzation.

15. The final Closing Disclosure/HUD-1 Settlement Statement shall be provided to the Office of the United States Trustee and the Subchapter V Trustee prior to closing to review the exact amount of all closing costs and adjustments to be made for the closing date.

16. A copy of the fully executed Closing Disclosure/HUD-1 Settlement Statement shall be forwarded to the Office of the United States Trustee within three (3) days of the closing date.

17. Any holder of a claim, lien, or interest shall be barred from taking any action against the Buyers relating to said claim, lien or interest as Buyers are not assuming any liabilites of the Debtor.

18. The settlement agent, title company and/or underwriter, may rely on

---

this Order to effectuate clear title at the time of closing as the above mentioned liens held by Allstate, Westlake or any other third parties, are attaching to the proceeds of the sale pursuant to this Order.

19. The 14 day stay of the entry of this Order pursuant to Rule 6004(h) shall be waived.

20. This Court shall retain jurisdiction of all matters and disputes arising out of this Chapter 11, Subchapter V case and said Order.

21. The Movant shall serve this Order on the Office of the United States Trustee, the Sub V Trustee and any other party in interest who entered an appearance on the motion within 7 days of receipt.

United States Bankruptcy Court

District of New Jersey

In re: Case No. 25-14559-MBK

Salvatore Faenza Chapter 11

Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 2

Date Rcvd: Sep 24, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 26, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Salvatore Faenza, 300 Mounts Corner Drive, Freehold, NJ 07728-2558 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 24, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aleisha Candace Jennings | on behalf of Creditor Ally Capital aleisha.jennings@mccalla.com mccallaecf@ecf.courtdrive.com |
| Andrew L. Spivack | on behalf of Creditor OceanFirst Bank National Association andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| Kimberly A. Wilson | on behalf of Creditor OceanFirst Bank National Association kimberly.wilson@brockandscott.com, wbecf@brockandscott.com |
| Laura M. Egerman | on behalf of Creditor Ally Capital laura.egerman@mccalla.com mccallaecf@ecf.courtdrive.com |
| Matthew Francis Kye | on behalf of Creditor Sumitomo Mitsui Finance and Leasing Co. Ltd. mkye@kyelaw.com |
| Michael J. Connolly | on behalf of Creditor Davison Eastman Munoz Paone P.A. mconnolly@respondlaw.com, kdoyle@respondlaw.com |

| | |
|---|---|
| Nicole M. Nigrelli | on behalf of Trustee Nicole M. Nigrelli nnigrelli@ciardilaw.com sfrizlen@ciardilaw.com;dtorres@ciardilaw.com |
| Nicole M. Nigrelli | nnigrelli@ciardilaw.com PA91@ecfcbis.com |
| Rachel Wolf | on behalf of U.S. Trustee U.S. Trustee rachel.wolf@usdoj.gov |
| Steven D. Pertuz | on behalf of Debtor Salvatore Faenza pertuzlaw@verizon.net Pertuz.StevenB130381@notify.bestcase.com |
| Turner Falk | on behalf of Creditor Ferrari Financial Services Inc. turner.falk@saul.com, tnfalk@recap.email |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 12